IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

GALLUP, INC., )
)
       Plaintiff, )
)
) C.A. No. N14C-02-136FWW
     v. )
)
GREENWICH INSURANCE )
COMPANY, )
)
       Defendant. )

Submitted: March 12, 2015
Decided: March 20, 2015

Upon Defendant's Motion for Clarification As To The Court's February 25, 2015
Order Or, In The Alternative, For Reargument
**DENIED.**
Upon Defendant's Motion to Strike Or For Leave To Reply To Gallup, Inc.'s
Response To Motion For Clarification Or, In The Alternative, For Reargument
**MOOT.**

## ORDER

Brian M. Rostocki, Esquire and Diana Rabeh, Esquire, Reed Smith LLP, 1201 Market St., Suite 1500, Wilmington, Delaware, 19801; Carolyn H. Rosenberg, Esquire and Mark S. Hersh, Esquire, Reed Smith LLP, 10 S. Wacker Dr., 40th Floor, Chicago, Illinois 60606, Attorneys for Plaintiff.

Carmella P. Keener, Esquire, Rosenthal, Monhait & Goddess, P.A., 919 N. Market St., Suite 1401, Citizens Bank Center, Wilmington, Delaware 19801; Stacey L. McGraw, Esquire and Brandon D. Almond, Esquire, Troutman Sanders LLP, 401 9th St., N.W., Suite 1000, Washington, D.C. 20004-2134, Attorneys for Defendant.

**WHARTON, J.**

This 20th day of March, 2015, upon consideration of Defendant's Motion for Clarification As To The Court's February 25, 2015 Order Or, In The Alternative, For Reargument, the Plaintiff's Response and Defendant's Motion to Strike Or For Leave To Reply To Gallup, Inc.'s Response To Motion For Clarification Or, In The Alternative, For Reargument it appears to the Court that:

(1)     On June 5, 2014, the Court approved the parties' stipulation to resolve the dispute as a matter of law by submitting cross motions for judgment on the pleadings.[1]  The parties submitted cross motions to the Court and appeared before the Court for oral argument on November 13, 2014.

(2)    In their respective motions for judgment on the pleadings, the parties asked the Court to address some of the same issues; however, Plaintiff requested that the Court address two additional issues.  Both parties requested that the Court determine whether Delaware or Nebraska substantive law applies; whether the Settlement is "Loss" as defined in the Policy; and whether the Professional Services Exclusion precludes payment for the Settlement.  Plaintiff additionally requested that the Court address whether the Contract Exclusion precludes coverage and whether the Allocation Provision applies.  The parties raised no other issues before the Court.

(3)    By Order dated February 25, 2015, the Court determined that

---

[1] *See* June 5, 2014 Order, D.I. 24.

Defendant failed to establish a choice of law conflict between Delaware and Nebraska law;[2] the Settlement is "Loss" as defined in the Policy;[3] and the Professional Services Exclusion does not preclude payment of the Settlement.[4] The Court also found that Plaintiff failed to establish that no genuine issue of material fact exists regarding the Contract Exclusion and Allocation Provision.[5] The Court made no other findings.

(4) The Court will consider the viability of Defendant's other asserted defenses only upon submission of further motions.

NOW, THEREFORE, IT IS **ORDERED** that the Defendant's Motion for Clarification As To The Court's February 25, 2015 Order Or, In The Alternative, For Reargument is hereby **DENIED** and Defendant's Motion to Strike Or For Leave To Reply To Gallup, Inc.'s Response To Motion For Clarification Or, In The Alternative, For Reargument is hereby **MOOT.**

_____
/s/ Ferris W. Wharton, Judge

---

[2] *See* Feb. 25, 2015 Order, D.I. 46, at 23.
[3] *Id.* at 26-28.
[4] *Id.* at 28-33.
[5] *Id.* at 33-35.